J-S29021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA<br><br>Appellee<br><br>v.<br><br>DAVID EUGENE NARAD<br><br>Appellant | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br>No. 1330 WDA 2014 |

Appeal from the PCRA Order July 9, 2014
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0004077-2008

BEFORE: PANELLA, J., MUNDY, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY MUNDY, J.:                    **FILED MAY 20, 2015**

Appellant, David Eugene Narad, appeals *pro se*[1] from the July 9, 2014 order, dismissing his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we dismiss this appeal.

Generally, appellate briefs are required to conform to the Rules of Appellate Procedure. **See** Pa.R.A.P. 2101. "This Court may … dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." **In re Ullman**, 995 A.2d 1207,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although this was Appellant's first PCRA petition and the PCRA court appointed counsel, counsel was permitted to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny.

1211 (Pa. Super. 2010) (citation omitted), *appeal denied*, 20 A.3d 489 (Pa. 2011). Further, while this Court will construe *pro se* materials liberally, "*pro se* status confers no special benefit on an appellant." ***Id.*** at 1211-1212.

In this case, Appellant's brief is woefully deficient. At the outset, we note that Appellant's brief does not contain a copy of the order in question, a separate statement of the case, a statement of the questions presented, a summary of the argument, or a conclusion stating the relief sought, all of which are required by the Rules of Appellate Procedure. ***See generally*** Pa.R.A.P. 2111(a), 2116, 2117, 2118. We further estimate that Appellant's argument consists of approximately 200 handwritten pages, containing various reproductions of portions of the record, with very few citations to legal authority throughout the same, making it extremely difficult for this Court to discern the arguments Appellant wishes to raise on appeal. We further note that Rule 2135 requires a party to file a certificate of compliance to show that the brief complies with the 14,000 word limit for opening briefs, when said brief exceeds 30 pages. ***Id.*** at 2135(a)(1). Appellant has not included such a certificate.

Based on the foregoing, we conclude the defects in Appellant's brief are substantial and preclude this Court from engaging in meaningful appellate review. Accordingly, we elect to exercise our discretion pursuant to Rule 2101, and dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2015